# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MADISON GARCIA** <br> c/o her attorneys Tittle & Perlmuter <br> 4106 Bridge Avenue <br> Cleveland, OH 44113 <br><br> On behalf of herself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> **BLUESKY HEALTHCARE, INC. dba SPRENGER HEALTHCARE SYSTEMS** <br> c/o its Statutory Agent <br> Nicole R. Sprenger <br> 3905 Oberlin Avenue <br> Lorain, Ohio 44053 <br><br> -and- <br><br> **GRACE MANAGEMENT SERVICES, INC.** <br> c/o its Statutory Agent <br> Nicole R. Sprenger <br> 3905 Oberlin Avenue <br> Lorain, Ohio 44053 <br><br> -and- <br><br> **CMS & CO. MANAGEMENT SERVICES, INC.** <br> c/o its Statutory Agent <br> Nicole R. Sprenger <br> 3905 Oberlin Avenue <br> Lorain, Ohio 44053 <br><br> -and- <br><br> **VILLAGE OF THE FALLS, INC.** <br> c/o its Statutory Agent <br> 1932 Service Corp. | CASE NO. <br><br> JUDGE <br><br> Magistrate Judge <br><br> **PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW WITH JURY DEMAND** |

| | |
|---|---|
| 1301 E. 9th Street, Suite 3500 | ) |
| Cleveland, Ohio 44114 | ) |
| | ) |
|       Defendants. | ) |

Plaintiff Madison Garcia, through counsel, for her Class and Collective Action Complaint against Defendants Bluesky Healthcare, Inc., Grace Management Services, Inc., CMS & Co. Management Services, Inc., and Village of the Falls, Inc. (together "Defendants"), states and alleges as follows:

## INTRODUCTION

1. This case challenges Defendants' timekeeping and pay practices by which they willfully violated their employees' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and Ohio's common law of unjust enrichment.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join the case pursuant to § 216(b) (the "Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to FED. R. CIV. P. 23 on behalf of herself and other members of a class of persons, defined herein (the "Ohio Class Members"), who assert factually-related claims under Ohio's common law of unjust enrichment.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because all Defendants are headquartered and therefore reside in this district and division, and all Defendants have conducted continuous business at various nursing facilities within the territorial jurisdiction of this Court, including that facility at which Plaintiff worked. Moreover, as described below, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## PARTIES

7. At all times relevant, Plaintiff Madison Garcia was a citizen of the United States and an Ohio resident and, as described below, an employee of all Defendants, working at Defendants' skilled nursing, long-term care, and respite care facility known as Village of the Falls located in Olmsted Falls, Ohio.

8. Defendant Bluesky Healthcare, Inc., which does business as Sprenger Health Care Systems and is hereinafter referred to as "Sprenger," is a domestic limited liability company that is headquartered in Lorain County, Ohio and, at all times relevant, owned skilled nursing, long-term care, respite care, assisted living, and rehabilitation facilities throughout Ohio and South Carolina (collectively "Sprenger Facilities" or each individually a "Sprenger Facility"), including facilities in this district such as the Village of the Falls facility at which Plaintiff worked. According to records maintained by the Ohio Secretary of State, Bluesky Healthcare, Inc.'s statutory agent for service of process is Nicole Sprenger, 3905 Oberlin Avenue, Lorain, Ohio 44053.

9. CMS & Co. Management Services, Inc. is a domestic limited liability company that is headquartered in Lorain County, Ohio that, at all times relevant, according to Defendants' filings with the federal Centers for Medicare & Medicaid Services, held operational and managerial control over all of the Sprenger Facilities, including facilities in this district such as Village of the Falls. According to records maintained by the Ohio Secretary of State, CMS & Co. Management Services, Inc.'s statutory agent for service of process is Nicole Sprenger, 3905 Oberlin Avenue, Lorain, Ohio 44053.

10. Defendant Grace Management Services, Inc. is a domestic limited liability company that is headquartered in Lorain County, Ohio that promulgates the employment policies and procedures that govern the employment practices at Sprenger Facilities for all non-exempt employees, including Plaintiff. Grace Management Services, Inc. also serves as the W-2 employer of all non-exempt employees of Sprenger Facilities. According to records maintained by the Ohio Secretary of State, Grace Management Services, Inc.'s statutory agent for service of process is Nicole R. Sprenger, 3905 Oberlin Avenue, Lorain, Ohio 44053.

11. Defendant Village of the Falls, Inc. is a domestic limited liability company that is headquartered in Lorain County, Ohio that, at all times relevant and in conjunction with the other co-Defendants, conducted the operations at the Village of the Falls facility. According to records maintained by the Ohio Secretary of State, Village of the Falls' statutory agent for service of process is 1932 Service Corp., 1301 E. 9th Street, Suite 3500, Cleveland, Ohio 44114.

12. Defendants are each owned and operated, entirely or in part, by the same individuals, including Nicole Sprenger and Tracey Sprenger. Thus, the ownership and operations of all Defendants overlap.

# FACTUAL ALLEGATIONS

## Defendants' Business, Joint Employment of Employees at Sprenger Facilities, and Operation of an Integrated Enterprise

13. The Defendants operate a common business enterprise. Defendant Bluesky Healthcare, Inc. directly and/or indirectly owns, and through its affiliates and subsidiaries like the co-Defendants herein, operates and manages 14 skilled nursing, long term care, respite care, assisted living, independent living, and/or rehabilitation centers throughout Ohio and South Carolina, including Village of the Falls.

14. This common enterprise is evident from Sprenger's website, which calls the Grace Management Services office Sprenger's "Home Office", and lists all facilities nationwide among the Communities in the Sprenger fold:



15. That website further represents that "Sprenger Health Care is a leading developer, owner and operator of senior living communities in Ohio and South Carolina. We conduct business

through 34 corporate entities, including 14 senior living communities encompassing 2,000 beds in Ohio and South Carolina."

16. Defendant Grace Management Services, Inc. was an "employer" of Plaintiff and all non-exempt employees at Sprenger Facilities within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2), because it was the W-2 employer of all such employees, and because it promulgated, published, and enforced the employee handbook governing the working conditions of those employees, including the employees at Village of the Falls.

17. Defendant CMS & Co. Management Services, Inc. was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2), in that it held operational and managerial control of all Sprenger Facilities in Ohio and South Carolina, including Village of the Falls.

18. Defendant Village of the Falls, Inc. was also an "employer" of Plaintiff, the Potential Opt-Ins, and the Class Members pursuant to 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2) in that it "act[ed] directly or indirectly in the interest of an employer… in relation to employees," including Plaintiff, that worked at Village of the Falls.

19. Defendants Bluesky Healthcare, Inc., Grace Management Services, Inc., CMS & Co. Management Services, Inc. share control over operations and day-to-day functions, including the hiring and firing, and daily supervision, of all Sprenger Facility employees. Defendant Village of the Falls, Inc. shares such control with respect to the Village of the Falls facility.

20. At all times relevant, all Defendants were, individually and jointly, an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Defendants' Employment of Plaintiff, the Potential Opt-Ins, and Class Members**

21. Plaintiff was employed by Defendants from 2020 through June 19, 2023. She worked first as a Dietary Aide, and then as a Personal Care Assistant. Both positions were hourly and were non-exempt from overtime pay.

22. The employment of Plaintiff, just like all non-exempt employees of Defendants, was entered into and consummated without a written contract.

23. The FLSA and Ohio law required Defendants to pay its non-exempt employees for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g); O.R.C. § 4111.03(D)(1).

24. Additionally, under the FLSA and Ohio law, an "employee must be completely relieved from duty" for a "meal period" to be non-compensable. 28 C.F.R. § 785.19(a). A meal break is not considered a bona fide meal period if the employee "is required to perform any duties, whether active or inactive, while [on break]." *Id.*

25. By written policy, Defendants automatically deduct meal periods from the pay of non-exempt employees like Madison Garcia, the Potential FLSA Opt-Ins, and the Class Members. For shifts over 6 hours and less than 16 hours, a half-hour automatic deduction was taken. For shifts over 16 hours, a one-hour automatic deduction was taken.

26. Yet, Defendants routinely fail to staff the Sprenger Facilities with sufficient employees to permit those working to take an uninterrupted lunch break.

27. By taking bona fide meal breaks, Defendants' non-exempt employees would have left patients without the number of providers covering their care required by law.

28. Hence, Defendants know that their non-exempt employees regularly perform work off-the-clock, including during unpaid meal breaks.

29. Moreover, Defendants regularly schedule employees, including Plaintiff Madison Garcia, to work 40 hours or more per workweek.

30. As a result of practices such as those described in Paragraphs 24 through 28, Plaintiff and similarly-situated non-exempt employees were deprived of regular and overtime pay.

31. Plaintiff and similarly-situated frequently worked forty or more hours per workweek on the clock, and thus, absent Defendants' failure to pay for all hours worked including by the practices described in Paragraphs 24 through 28, would have received overtime compensation, or additional overtime compensation.

### The Willfulness of Defendants' Violations

32. Defendants knew that Plaintiff, the Potential Opt-Ins, and the Class Members were entitled to compensation for all hours worked and overtime compensation for hours over 40 in a workweek under both federal and state law, or acted in reckless disregard for whether they were so entitled.

33. Defendants intentionally and willfully circumvented the requirements of the FLSA and state law. Defendants designed their scheduling, timekeeping, and payroll policies and practices in an attempt to reduce employees' paid hours and circumvent federal and state wage-and-hour laws.

34. Defendants knew that employees were regularly and routinely working off-the-clock, and intentionally failed to establish a reasonable process for reporting missed meals.

35. Nevertheless, and with actual knowledge that non-exempt employees were required to work through lunch, Defendants persisted with a policy of automatic daily deductions of lunch breaks.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

38. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All non-exempt employees who worked one or more forty-hour workweeks at any of Sprenger Facilities during the period three years preceding the commencement of this action to the present.

39. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subject to and injured by Defendants' unlawful timekeeping and payroll practices, and all have the same claims against Defendants for unpaid overtime compensation, as well as for liquidated damages, attorneys' fees, and costs.

40. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary, and all such persons were sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

41. Upon information and belief, the number of similarly-situated persons exceeds 500 persons.

## CLASS ACTION ALLEGATIONS

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

9

43. Plaintiff brings this case on behalf of herself and other members of a proposed class, defined as:

> All hourly employees who worked any shift over 6 hours at any of the Sprenger Facilities during the period four years preceding the commencement of this action to the present.

44. The class is so numerous that joinder of all Class Members is impracticable. Plaintiff avers, upon information and belief, that the class totals more than 500 employees of Defendants. The number of Class Members as well as their identities are ascertainable from records Defendants have maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

45. Questions of law or fact common to the Class Members predominate, including but not limited to:

   a) Whether Defendants required Plaintiff and other Class Members to perform unpaid work during their unpaid lunch breaks.

   b) Whether Defendants knew or should have known that Plaintiff and the other Class Members were working off-the-clock, but still failed to pay them.

   c) Whether it would be inequitable to retain the benefit of the work of Plaintiff and the other Class Members without compensation.

46. Plaintiff's claims are typical of the claims of other members of the Class Members. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class Members.

47. Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class Members in this case.

48. The questions of law or fact that are common to the Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to FED. R. CIV. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Plaintiff bring this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to be a party to this action pursuant to § 216(b) is filed herewith.

52. The FLSA required Defendants to pay their non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

53. Defendants failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins for all hours worked in excess of forty hours in a workweek. As more fully described above,

Defendants, in violation of law, required them to perform unpaid work off-the-clock, including during their unpaid lunch breaks.

54. By engaging in that practice, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

55. As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive minimum wages and overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Unjust Enrichment)

56. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. Plaintiff and the Class Members conferred a benefit on Defendant by working many hours for which they received no compensation.

58. Defendant knew it was receiving a benefit by retaining and utilizing the labor of Plaintiff and the Class Members while providing no compensation. Defendant intentionally designed their compensation structure so as to obtain that benefit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to FED. R. CIV. P. 23 on behalf of Plaintiff and other members of the Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class;

D. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E. Award compensatory damages to Plaintiff and the Class Members in the amount of their unpaid wages;

F. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
4106 Bridge Avenue
Cleveland, OH 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)