UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MADISON GARCIA, | ) | CASE NO. 1:23-cv-1617 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| BLUESKY HEALTHCARE, INC., *et al.*, | ) | **ORDER GRANTING RULE 23 CLASS** |
| | ) | **CERTIFICATION** |
| Defendants. | ) | |
| | ) | |

## I.  PROCEDURAL HISTORY

Before the Court is Plaintiff Madison Garcia's motion for class certification.  (ECF No. 58).[1]  Plaintiff seeks to certify a state-law class of: "[a]ll hourly employees of Defendant Grace Management Services, Inc. working in Ohio from August 13, 2019, to present whose shift pickup bonuses, sign-on bonuses, or shift differentials were not included in their regular rate of pay in weeks where they worked overtime."  (ECF No. 58-1, PageID #877).  The putative class seeks to have Plaintiff's counsel, Scott D. Perlmuter, serve as class counsel under Fed. R. Civ. P. 23(g).  (*Id.* at PageID #892).  The motion seeks to appoint named Plaintiff, Madison Garcia, as the class representative.  (*Id.*).  Defendants Bluesky Healthcare, Inc., Grace Management Services, Inc. ("GMS"), CMS & Co. Management Services, Inc., and Village of the Falls, Inc. filed a notice of non-opposition to Plaintiffs motion for class certification.  (ECF No. 61).  For the reasons stated below, the Court **GRANTS** the motion for class certification.

---

[1] The parties previously filed a joint stipulation to the FLSA collective action, which the Court approved.  (ECF Nos. 29, 30).

1

## II. LEGAL STANDARD

A party seeking class certification under Fed. R. Civ. P. 23 bears the burden of proof to satisfy the four prerequisites enumerated in Rule 23(a), as well as one of the requirements of Rule 23(b). *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Rule 23(a) requires: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Plaintiff seeks certification under Rule 23(b)(3), which requires that "the question of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods of fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

The Court must conduct a "rigorous analysis" to determine whether a proposed class complies with the Rule 23 requirements. *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 722 F.3d 838, 851 (6th Cir. 2013). The requirements "serve to limit class claims to those that are fairly encompassed within the claims of the named plaintiffs because class representatives must share the same interests and injury as the class members." *Id.* at 850 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011)). Rule 23 is not a mere pleading standard; the party seeking class certification must "prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350 (emphasis in original). "The district court maintains substantial discretion in determining whether to certify a class, as it possesses the inherent power to manage and control its own pending litigation." *Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 643 (6th Cir. 2006).

III.   ANALYSIS

    A.   **Federal Rule of Civil Procedure 23(a)(1)–(4)**

        1.   *Numerosity*

To satisfy numerosity, Plaintiff must demonstrate that the proposed class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see Golden v. City of Columbus*, 404 F.3d 950, 965–66 (6th Cir. 2005). While there is no strict numerical test for numerosity, "substantial" numbers usually satisfy the requirement. *Glazer v. Whirlpool Corp.*, 722 F.3d 838, 852 (6th Cir. 2013); *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006). Although Plaintiff does not identify the specific number of class members, she alleges that, of the 94 employees for which Defendants produced pay data, 24 of them would be class members with damages. (ECF No 58-1, PageID #887–88). Applying that 24:94 ratio to the 5,436 GMS employees who are Ohio residents, approximately 1,387 employees would be class members with damages—an estimate that exceeds the numerosity requirement. *See Walburn v. Lend-A-Hand Servs., LLC*, No. 2:19-cv-711, 2020 U.S. Dist. LEXIS 91853, at *9 (S.D. Ohio May 26, 2020) (finding that a class of 54 members satisfied the numerosity requirement); *see also Helwig v. Concentrix Corp.*, 345 F.R.D. 608, 619 (N.D. Ohio 2024) (stating that "a class of 40 or more members raises a presumption" of numerosity) (quoting 1 *Newberg and Rubenstein on Class Actions* § 3:12 (6th ed.)). Defendants do not challenge that the proposed class meets the numerosity requirement. Accordingly, the Court finds that Plaintiff satisfied the numerosity requirement because joinder of that many members would be impracticable.

        2.   *Commonality*

A question of law or fact satisfies the commonality requirement if it is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue

3

that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. 338, 350 (2011). Plaintiff must demonstrate that the class members "suffered the same injury." *Id.* Raising a drove of common questions is not what matters for class certification; what matters is the "capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (emphasis in original).

Plaintiff alleges that all proposed class members suffered the same injury: lack of payment because of the systematic exclusion of non-discretionary pay from overtime rates for all GMS employees who are Ohio residents. (ECF No. 58-1, PageID #888). The question regarding the extent to which GMS, if at all, systematically excluded non-discretionary pay from overtime rates would, if answered, resolve an issue that is central to the validity of each of the claims in one stroke. The Court finds that Plaintiff has met the commonality requirement.

    3.    *Typicality*

To satisfy typicality, Plaintiff must demonstrate that a sufficient relationship exists "between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct . . . ." *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998). In other words, if Plaintiff wins on her claim, so would the other class members. *Id.* Minor factual variations among class members do not defeat typicality when the claims arise from the same course of conduct and challenge a common policy or practice. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542 (6th Cir. 2012).

In this case, the representative Plaintiff alleges that GMS's systemic exclusion of non-discretionary pay from overtime rates harmed her in the same way that it harmed the other members in this class. But for GMS's failure to pay the overtime rates, Plaintiff and the other class members would have received the additional compensation that they were entitled to under

the law. (ECF No. 58-1, PageID #888). Accordingly, the Court finds that Plaintiff satisfied the typicality requirement.

### 4. *Adequacy of Representation*

#### a. Adequacy of Class Representative

A plaintiff seeking to represent a class must demonstrate that she will fairly and adequately represent and protect the interests of the class. *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000). Class members cannot have interests that are antagonistic to one another. *In re Dry Pampers Litigation*, 724 F.3d 713, 721 (6th Cir. 2013). "Interests are antagonistic when there is evidence that the representative plaintiffs appear unable to 'vigorously prosecute the interests of the class.'" *Stout*, 228 F.3d at 717 (quoting *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996)).

Plaintiff has alleged, and Defendants do not contest, that she has no conflicts with other class members and seeks identical relief for the same conduct. (ECF No. 58-1, PageID #892). She has taken actions that demonstrate her willingness to represent and protect the classes interests, including producing evidence and responding to written discovery. (*Id.*). Accordingly, the Court finds that Plaintiff is an adequate representative of the proposed class.

#### b. Adequacy of Class Counsel

Plaintiff contends that proposed class counsel is adequate because they have litigated numerous wage-and-hour class action cases brought alongside FLSA collective actions. (*Id.*). When appointing counsel, the Court considers: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge

5

of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

Here, the proposed counsel has examined data from 94 employees and identified the alleged issues with the employees' overtime pay. (*Id.* at PageID #877–85). Counsel has knowledge and experience handling Rule 23 class actions brought alongside FLSA collective actions. (*Id.* at PageID #892). After considering the relevant factors, and in light of Defendants' lack of opposition, the Court finds that Plaintiff's counsel is adequate to represent the interests of the class.

### B. Federal Rule of Civil Procedure 23(b)(3)

Under Rule 23(b)(3), a class meets predominance and superiority requirements where "questions of law or fact common to class members predominate over any questions affecting only individual members" and class treatment is superior to other available methods. *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017). The Sixth Circuit has also implemented an implicit standard of ascertainability for a 23(b)(3) class that requires "a class description [that is] sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Cole v. City of Memphis*, 839 F.3d 530, 541 (6th Cir. 2016) (alteration in original) (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 536 (6th Cir. 2012)).

To determine predominance, the Court assesses the "legal or factual questions that qualify each class member's case as a genuine controversy" and "assesses whether those questions are "'subject to generalized proof, and thus applicable to the class as a whole . . . .'" *Sandusky*, 863 F.3d at 468 (quoting *Bridging Cmtys., Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1124 (6th Cir. 2016)). "[T]he key is to identify the substantive issues that will control the outcome." *Id.* (quoting

6

*Gene & Gene, LLC v. BioPay, LLC*, 541 F.3d 318, 326 (5th Cir. 2008)).  Plaintiff contends that the predominant legal and factual questions arise from GMS's uniform policy and practice of failing to pay overtime hours at the correct rate, which GMS applied to all non-exempt workers across GMS's facilities and was not based on individualized circumstances.  (ECF No. 58-1, PageID #893).  A determination that GMS did systemically fail to pay overtime hours at the correct rate would determine the outcome of, and apply to, the whole case.  Accordingly, Plaintiff has satisfied the 23(b)(3) predominance factor.

To determine whether class treatment is superior to other available methods, the Court considers: (1) the interests of class members in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a forum; and (4) the difficulties in managing a class action.  Fed. R. Civ. P. 23(b)(A)–(D).  No putative class member has expressed an interest in pursuing their case separate from this litigation, likely because the cost of pursuing individual wage claims would exceed the limited potential recovery available to any single employee.  (ECF No. 58-1, PageID #894).  Additionally, "litigating against one's employer is an inherently fraught proposition that may discourage class members from either opting in to an FLSA collective action or asserting their state law wage and hour claims on an individual basis. Thus, even when class member identities are easily determined from employee rosters, joinder is often nevertheless impracticable." *Ganci v. MBF Insp. Servs.*, 323 F.R.D. 249, 256 (S.D. Ohio Oct. 27, 2017).  After considering the superiority factors and Defendants' non-opposition, the Court finds that Plaintiff satisfies the superiority requirement under Rule 23(b)(3).

Finally, the Court must determine whether Plaintiff has provided a class description that is sufficiently definite so that it is administratively feasible for the court to determine whether a

particular individual is a member. *Cole*, 839 F.3d at 541. Plaintiff has offered a definition of the proposed class that is sufficiently definite and makes determination of class membership administratively feasible. (*See id.* at PageID #877). After considering the ascertainability requirement, Plaintiffs proffered class definition, and Defendants' non-opposition, the Court finds that Plaintiffs have satisfied the ascertainability requirement. Accordingly, the Court finds that Plaintiff has met the conditions of Rule 23(b)(3).

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has satisfied the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), as well as the predominance and superiority requirements of Rule 23(b)(3). Therefore, the Court **GRANTS** Plaintiff's motion for class certification (ECF No. 58) and **CERTIFIES** Plaintiff's state-law claims (Unjust Enrichment and Violations of the Prompt Pay Act, Ohio Rev. Code § 4113.15(A)) for the following class:

> All hourly employees of Defendant Grace Managements Services, Inc. working in Ohio from August 13, 2019, to present whose shift pickup bonuses, sign-on bonuses, or shift differentials were not included in their regular rate of pay in weeks where they worked overtime.

The Court also **APPOINTS** Plaintiff's counsel, Scott D. Perlmuter, as class counsel.

**IT IS SO ORDERED.**

Date: November 24, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**